

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 19, 1943

Honorable Ned Price, Chairman
Public Lands and Buildings Committee
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. 0-5115
Re: Will validating act limited
to a particular sale of school
land be constitutional, if
passed as a general law?

We have your opinion request of February 17,
1943, regarding a proposed amendment to H. B. 11 by Earl
Sharp, which would limit its application to a particular
patent. As we understand your request, you want to know
whether or not a validating act which affects only a par-
ticular sale of public school land, either by specifically
naming the tract or the patentee or by other singular
designation, can be passed as a general law without offend-
ing some provision of the Texas Constitution.

We do not have a copy of the proposed amend-
ment to H. B. 11, but for the purpose of answering your
question, we will assume that the amendment names a parti-
cular person to whom a patent for public school land has been
issued and seeks to validate that patent.

An amendment such as you inquire about would,
if adopted, make H. B. 11 a special law. Miller v. El Paso
County, 136 Tex. 370, 150 S. W. (2d) 1000. Ex parte Heiling,
128 Tex. Cr. R. 399, 82 S. W. (2d) 644. Section 56 of Arti-
cle III of the Texas Constitution forbids, unless otherwise
provided in the Constitution, the passage of a special law
in certain instances (validating titles not named) and then
provides "and in all other cases where a general law can be
made applicable, no local or special law shall be enacted."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Ned Price - Page 2.

Section 57 of Article III, Texas Constitution, and Articles 2 to 9, R.S. 1925 require thirty days notice to be published in the locality to be affected before a special law is introduced into the Legislature. We assume that no notice of intention to introduce H. B. 11 was published as is required for a special or local law.

We find no constitutional provision which would authorize the validation of a particular sale of school land by a special law passed without the requisite thirty days notice, and we are, therefore, of the opinion that the proposed amendment to H. B. 11 would be invalid as a violation of Section 57 of Article III of the Texas Constitution.

In view of this conclusion it is unnecessary to pass on whether the proposed amendment to H. B. 11 would violate Section 56 of Article III, or other provisions of the Texas Constitution and we do not do so. See, State Highway Dept. et al vs. Gorham Sup. Ct. 162 S.W. (2d) 934.

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY  *Fagan Dickson*
Fagan Dickson
Assistant

FD:BT

FEB 26, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN